UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT E.D.N.Y.

JUN 15 2006

BROOKLYN OFFICE

----------------------------------------------------------------X
GLORIA KINGSTON,                                                 : Civil Action No:
                                                                 :
                                      Plaintiff,                 :
                                                                 : CV 06 2973
                                                                 : NOTICE OF REMOVAL
            -against-                                            :
                                                                 :
ROSICKI, ROSICKI & ASSOCIATES, P.C.,                             : GLEESON, J.
and FEDERAL NATIONAL MORTGAGE                                    :
ASSOCIATION a/k/a FANNIE MAE,                                    :
                                                                 :
                                      Defendants.                :
----------------------------------------------------------------X

LEVY M.J.

Defendant Federal National Mortgage Association ("Fannie Mae"), a

Congressionally chartered federal instrumentality of the United States, files this

Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, as well as 12 U.S.C.

§1723a, to give notice that it is removing this action from the Supreme Court of

the State of New York, County of Kings, to the United States District Court for the

Eastern District of New York. Pursuant to said removal and in accordance with

28 U.S.C. §1446(d), the Supreme Court of the State of New York, County of

Kings, shall proceed no further with this action.

        Fannie Mae submits the following in support of this Notice Removal:

        Fannie Mae is a congressionally chartered federal instrumentality which

was established to carry out vital public policies prescribed by statute: To create

a secondary market for residential mortgage financing, stimulate the flow of

private capital into housing, and improve the affordability of home ownership.

See 12 U.S.C. § 1716.

2.      On or about May 5, 2006, plaintiff Gloria Kingston ("plaintiff"), filed a complaint against Fannie Mae in the Supreme Court of the State of New York, Kings County. In addition, plaintiff named Rosicki, Rosicki & Associates, P.C. as a defendant. A true and correct of the Complaint and process served on all defendants is attached hereto as composite Exhibit "A". No other process, pleadings or orders have been served upon the removing defendant to date in this action.

3.      This Notice of Removal is filed within thirty (30) days after the receipt by any defendant, through service or otherwise, of copies of the initial pleadings setting forth the claim for relief upon which such action is based. Consequently, the removal of this action is timely pursuant to 28 U.S.C. § 1446(b)

4.      Defendant Rosicki, Rosicki & Associates, P.C., consents to removal and joins in this Notice of Removal.  See Rosicki, Rosicki & Associates, P.C.'s Joinder in Notice of Removal, attached hereto as Exhibit "B".

## FEDERAL JURISDICTION CONFERRED BY FANNIE MAE'S CHARTER

5.      Federal subject matter jurisdiction exists in this action by virtue of 12 U.S.C. §1723a, a provision of the Fannie Mae Charter Act that grants Fannie Mae authority "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." See American National Red Cross v. S.G. & A.E., 505 U.S. 247, 248 (1992) (holding "sue and be sued" provision in charter act of federally chartered corporation that expressly mentions federal

2

courts to confer original federal jurisdiction over all cases to which the federally chartered corporation is a party "with the consequence that the organization is thereby authorized to removal from state to federal court of any state-law action it is defending").

6.   Fannie Mae reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand.

7.   By virtue of this removal petition, Fannie Mae does not waive its right to assert any claims or other motions, including Rule 12 motions permitted by the Federal Rules of Civil Procedure.

8.   Consequently, this Court has original jurisdiction over the subject matter of this action pursuant to 12 U.S.C. §1723a.

WHEREFORE, Fannie Mae gives notice of the removal of this action to the United States District Court for the Eastern District of New York, and respectfully requests hat the Court will accept and retain jurisdiction over this matter.

Dated:  New York, New York
        June 14, 2006

WOOD, RAFALSKY, WOOD

By:_____
PHILIP J. ONORATO, ESQ. (PJO 7615)
Attorneys for Defendant
FEDERAL NATIONAL MORTGAGE
ASSOCIATION a/k/a FANNIE MAE
62 William Street – 2nd Floor
New York, New York 10005
(212) 248-3001

3

TO:    RAPHAEL BERGER, ESQ.
       Attorney for Plaintiff
       GLORIA KINGSTON
       111 Clarkson Avenue
       Brooklyn, New York 11226
       (718) 856-5100

       ANDREW MORGANSTERN, ESQ.
       Attorney for Defendant
       ROSICKI, ROSICKI & ASSOCIATES, P.C.
       One Old Country Road, Suite 200
       Carle Place, New York 11514
       (718) 873-6406

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------X
INDEX NO. *14892/2006*

GLORIA KINGSTON,

                          Plaintiff,             **SUMMONS**

                  -against-                    **AND VERIFIED COMPLAINT**

ROSICKI, ROSICKI & ASSOCIATES, P.C.,
and FEDERAL NATIONAL MORTGAGE
ASSOCIATION a/k/a FANNIE MAE,

                          Defendants.
-------------------------------------------------X

   To the above-named defendants:
You are hereby summoned and required to serve upon plaintiff's
attorney an answer to the complaint in this action within twenty
days after the service of this summons, exclusive of the day of
service, or within thirty days after service is complete if this
summons is not personally delivered to you within the State of
New York. In case of your failure to answer, judgment will be
taken against you by default for the relief demanded in the complaint.
The basis of the venue designated is real property in the County
of Kings, to-wit, 171 East 59TH Street, Brooklyn, New York 11203.

Dated: Brooklyn, N.Y.
       May 5, 2006

                              Signature (Rule 130-1.1-a)


RAPHAEL BERGER, ESQ.                RAPHAEL BERGER
Attorney for Plaintiff
Brooklyn, N.Y.   11226
(718) 856-5100
Fx (718) 287-6801

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                              INDEX NO.
--------------------------------------------X
GLORIA KINGSTON,

                    Plaintiff,          **VERIFIED COMPLAINT**

       -against-
FEDERAL NATIONAL MORTGAGE ASSOCIATION
and ROSICKI, ROSICKI & ASSOCIATES, P.C.,

                    Defendants.
--------------------------------------------X

    The plaintiff, GLORIA KINGSTON, by her attorney, RAPHAEL
BERGER, ESQ., for her complaint against defendants, alleges:

    1. Plaintiff, GLORIA KINGSTON, from October 2, 2000 to March
18, 2004, was the owner of premises 171 East 59th Street,
Brooklyn, New York 11203.

    2.  Plaintiff, GLORIA KINGSTON, from October 20, 2000 to May
3, 2006, resided at premises 171 East 59th Street, Brooklyn, New
York 11203.

    3.  Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a
FANNIE MAE, (hereinafter referred to as "FANNIE MAE"), by virtue
of having purchased said premises at foreclosure by referee's
deed dated March 18, 2004, became and still is the owner of said
premises.  Attached hereto as **Exhibit "A"** is the deed to 171 East
59th Street, Brooklyn, New York, Block 4731 Lot 25.

    4.  That at all times hereinafter mentioned, defendant,
FANNIE MAE, was and still is represented by defendant, ROSICKI,
ROSICKI & ASSOCIATES, P.C., (hereinafter referred to as

"ROSICKI"), attorneys admitted to practice in the Courts of New York State.

5. That in May, 2005, defendant, FANNIE MAE, commenced a proceeding in Civil Court, Kings County, Landlord Tenant Part, under Index No. 73314/05 to evict plaintiff, GLORIA KINGSTON, from the premises.

6. That on May 23, 2005, defendant, FANNIE MAE, entered into a contract with plaintiff agreeing to sell 171 East 59th Street, Brooklyn, N.Y. for $292,762.11 conditioned on plaintiff closing on or before May 27, 2005. Plaintiff could not do so.

7. That on July 6, 2005, plaintiff, without an attorney, entered into a stipulation in the Landlord Tenant Part consenting to a judgment of eviction with warrant stayed to August 20, 2005.

8. That thereafter plaintiff obtained two consecutive stays by order to show cause.

9. That on March 10, 2006 and again on March 16, 2006, plaintiff, by RAPHAEL BERGER, ESQ., her attorney, advised defendant, FANNIE MAE, through its attorney, that plaintiff was able to complete the purchase and requested payoff figures. Attached hereto **Exhibit "B"** and **Exhibit "C"**.

10. That by letter dated April 10, 2006, defendant, FANNIE MAE, extended the time to purchase to April 13, 2006. Attached hereto as **Exhibit "D"**.

11. That on April 13, 2006, defendant, FANNIE MAE, by its attorneys, defendant, ROSICKI, extended the time to close

to April 28, 2006 for the stated reason that the payoff figures were incorrect and agreed to furnish corrected payoff figures before April 28, 2006.

12.   That on April 25, 2006 and April 28, 2006, plaintiff, by its attorney, requested the corrected figures and on each such occasion was advised by defendant, ROSICKI, that the corrected figures were not received by defendant, ROSICKI, from defendant, FANNIE MAE, and that the closing would have to wait a day or two until they received the corrected figures.

13.   That on May 1, 2006, defendant, ROSICKI, faxed new figures by fax dated May 1, 2006, which stated the amount of the two checks to be cut "**if your client forwards the payoff on or before May 5, 2006**". Attached hereto as **Exhibit "E"**.

13.   That on May 1, 2006, defendant, ROSICKI, faxed new figures of $303,572.15 for defendant, FANNIE MAY and $5,921.84 for defendant, ROSICKI, amounting to $24,368.98 less that the previous figures of their April 10, 2006 fax (**Exhibit "D"**) and the parties agreed on closing May 3, 2006 at the office of defendant, ROSICKI, at 1 Old Country Road, Suite 200, Carle Place, New York 11514.

14.   That on May 3, 2006, plaintiff appeared with her attorney and lender representative who produced official bank checks as requested to Stephanie I. Elmore-Sue, Esq., one of the attorneys of defendant, ROSICKI, who then exhibited the quitclaim deed to plaintiff and proceeded to have plaintiff

execute the acris documents required for recording which were then notarized by Mary McLoughlin, Esq., another one of the attorneys of defendant, ROSICKI. Attached hereto:

**Exhibit "F"**: Official bank checks to defendant, FANNIE MAE, for $303,572.16;

**Exhibit "G"**: Official bank checks to defendant, ROSICKI, for $5,921.84;

**Exhibit "H"**: Acris closing documents prepared, executed and notarized by defendants that day.

15. That said Stephanie I. Elmore-Sue, Esq. then left the room stating she was taking the documents for copying and would soon return.

16. That about twenty minutes later the said Stephanie I. Eklmore-Sue, Esq. returned and stated she could not deliver the deed because she learned the marshal took possession of the property earlier on the day of the closing, May 3, 2006.

17. Although plaintiff was ready to close before April 28, 2006, defendant, ROSICKI, stated they had to wait until a new payoff figure could be transmitted by defendant, FANNIE MAE, to defendant, ROSICKI, who in turn would advise plaintiff's attorney of the amount.

18. That defendant's letter of May 1, 2006 (Exhibit "E") was a representation in writing that plaintiff could close on or before May 5, 2006.

19. That defendant, FANNIE MAE, and defendant, ROSICKI,

in agreeing to close on May 3, 2006, knew that plaintiff was relying upon their letter.

20.   That plaintiff in reliance upon the letter, paid a $600.00 application fee, a $3,500.00 commitment fee of one (1%) percent, a $400.00 appraisal fee, a $25.00 credit fee, and a $2,500.00 attorney fee to obtain the $309,494.00 plus closing costs produced for closing on May 3, 2006 and also was damaged by the difference between the value of the premises and the amount defendants had agreed to accept for the quitclaim deed.

21.   That the closing was aborted solely by the wrongful act of defendants to the detriment and damage of plaintiff and constitutes a fraud upon plaintiff.

22.   That the closing was and still is solely within the power of defendants to consummate.

23.   That unless the closing is rescheduled without delay, plaintiff will sustain additional damages in the loss of her personal property which defendants removed from the premises.

WHEREFORE, plaintiff respectfully asks for judgment of specific performance of defendants' agreement to close and for an order directing defendants to restore plaintiff's personal property forthwith at their own cost and expense, and for such other and further relief as is just, proper and equitable, besides the costs and disbursements of the action and reasonable attorney's fees.

Dated: Brooklyn, N.Y.
        May 5, 2006

RAPHAEL BERGER, ESQ.
Attorney for Plaintiff(s)
Brooklyn, N.Y.  11226
(718) 856-5100
Fx (718) 287-6801

Index No. 13257/02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Stella Arsenakos, Esq., Referee,
                              Grantor,

        TO

Federal National Mortgage Association,
                              Grantee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


### REFEREE'S DEED IN FORECLOSURE

.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SECTION:
BLOCK: 4731
LOT: 25

RECORD AND RETURN TO:
**Federal National Mortgage Association**
1900 Market Street, Suite 100, Philadelphia, Pennsylvania, 10103

$\mathcal{A}$

**THIS DEED**, made the 18th day of March, 2004                    ORIGINAL

**BETWEEN** Stella Arsenakos, Esq., 26 Court Street, Suite 606, Brooklyn, NY 11242, Referee duly appointed in the action hereinafter mentioned, Grantor, and

Federal National Mortgage Association, 1900 Market Street, Suite 100, Philadelphia, Pennsylvania, 10103, Grantee,

**WITNESSETH** that the grantor, the referee appointed in an action between DLJ, MORTGAGE CAPITAL, INC., Plaintiff and THOMAS GIDDINGS, GLORIA KINGSTON, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; UNITED STATES OF AMERICA, ULA WILLIAMS, Defendants under Index No. 13257/03, Kings County Supreme Court, Civic Center, Montague Street, Brooklyn, New York 11201, foreclosing a mortgage recorded on November 27, 2000, in the Office of the Clerk of the County of Kings, in Liber 5015 of Mortgages, at Page 1985, in pursuance of a judgment entered at a IAS Term, Part 16 of the Supreme Court, on January 21, 2003, and in consideration of Two hundred ninety thousand eight hundred eighteen and 07/100 —
($ 290,818.07     and     /100) Dollars paid by the grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the grantee

Said premises known as and by the street address: 171 East 59th Street, Brooklyn, New York  11203.

**SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.**

Said premises being and intended to be the same premises conveyed by Deed dated October 2, 2000, from Thomas Giddings to Gloria Kingston, recorded February 15, 2001, in Reel 5079 at page 2465.

**TO HAVE AND TO HOLD** the premises granted unto the grantee Federal National Mortgage Association, and its assigns forever.  Whenever the text requires, the singular number herein shall include the plural and all genders.

**IN WITNESS WHEREOF**, the grantor has set his hand and seal, the date first above written.

                                        _Stella Arsenakos_
                                        Stella Arsenakos, Esq.
                                        Referee

STATE OF NEW YORK

COUNTY OF _Kings_

     On the _18th_ day of _March_ in the year 2004, before me, the undersigned, a notary public in and for said state, personally appeared _Stella Arsenakos, Esq._ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

                              _Rosa Tricarico_
                              NOTARY PUBLIC

                              ROSA TRICARICO
                              Notary Public, State of New York
                              No. 01TR3082931
                              Qualified in Kings County
                              Commission Expires Aug. 4, 2005

A

# Schedule A

**SCHEDULE A**

Title Number: FF-2188109
Policy No. : (none)

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, known and designated as Lot #43 in Block 4731 on a certain plan or map of lots called Rugby E surveyed for Wood, Harmon & Co., 1901 by Fred L. Bartlett, C.E. and filed in the Register's Office of Kings County, 8/7/02 as Map No. 1399, bounded and described as follows:

BEGINNING at a point on the easterly side of East 59th Street, distant 220 feet southerly from the corner formed by the intersection of the easterly side of East 59th Street and the southerly side of Snyder Avenue;

RUNNING THENCE easterly parallel with Snyder Avenue and part of the distance through a party wall, 100 feet;

THENCE southerly parallel with East 59th Street, 20 feet;

THENCE westerly parallel with Snyder Avenue and part of the distance through a party wall, 100 feet to the easterly side of East 59th Street;

THENCE northerly along the easterly side of East 59th Street, 20 feet to the point or place of BEGINNING.

District _____   Section _____   Block __4731__   Lot __25__

This Schedule A has been made accessible via our website for review only purposes. The final Schedule will be included with your Title Commitment. Any changes made to the Schedule which have not been sanctioned by Titleserv, Inc. will not be included in the title policy and therefore will not be insured.

*Giddings*
*Fk- 02- 1369-F*

Issued by:
TITLESERV, INC.
(516) 719-4200
(203) 831-0700

Schedule A includes Page 1 of 1

*A*

# RAPHAEL BERGER

**ATTORNEY AT LAW**

111 Clarkson Avenue, Brooklyn, N. Y. 11226

(718) 856-5100
FAX (718) 287-6801

### TELECOPIER TRANSMITTAL COVER SHEET

YOUR FAX #  : (516) 470-0972

PHONE       : (516) 873-6406 x 46

DATE        : MARCH 10, 2006

TO          : STEPHANIE J. ELMORE ESQ.

FIRM        : ROSICKI, ROSICKI & ASSOCIATES, P.C.

FROM        : RAPHAEL BERGER, ESQ.

SUBJECT     : **FNMA**
              **KINGSTON**
              171 EAST 59ᵀᴴ ST., Brooklyn, N.Y.
              $306,871.35 as of 02/17/06

**WE CAN DELIVER A CERTIFIED CHECK FOR THE ABOVE AMOUNT PLUS ADDITIONAL INTEREST AND COSTS ON MONDAY, MARCH 13ᵀᴴ.**

WE FAX THE AMOUNT OF ADDITONAL INTEREST AND COSTS.

TOTAL NUMBER OF PAGES (INCLUDING THIS COVER SHEET) 1
COMMENTS OR SPECIAL INSTRUCTIONS.

IF THIS TRANSMITTAL IS NOT CLEARLY RECEIVED OR IF ANY PAGES ARE MISSING, PLEASE CONTACT RAY (718) 856-5100



# RAPHAEL BERGER

**ATTORNEY AT LAW**

111 Clarkson Avenue, Brooklyn, N. Y. 11226

(718) 856-5100
FAX (718) 287-6801

## TELECOPIER TRANSMITTAL COVER SHEET

*Eviction Dept. — Julian Bra*
*516 - 741 - 2585 ext. 14*

YOUR FAX  #: (516) 470-0972

PHONE    : (516) 873-6406 ext. 46

DATE     : MARCH 16, 2006

TO       : STEPHANIE J. ELMORE, ESQ.

FIRM     : ROSICKI, ROSICKI & ASSOCIATES, P.C.

FROM     : RAPHAEL BERGER

SUBJECT  : FNMA
           KINGSTON
           PREMISES: 171 EAST 59th ST., B'KLYN, N.Y.

THIS WILL REQUEST A PAYOFF FIGURE
THE UNDERSIGNED REPRESENTS MS. KINGSTON
WE WILL DELIVER A BANK CHECK MONDAY 3/20/06 11:30 am

RAPHAEL BERGER

## TOTAL NUMBER OF PAGES (INCLUDING THIS COVER SHEET) ____
## COMMENTS OR SPECIAL INSTRUCTIONS:

## IF THIS TRANSMITTAL IS NOT CLEARLY RECEIVED OR IF ANY PAGES
## ARE MISSING, PLEASE CONTACT CHANTAL (718) 856-5100

# ROSICKI, ROSICKI & ASSOCIATES, P.C.

### ATTORNEYS AT LAW
### One Old Country Road, Suite 200
### Carle Place, New York 11514
### Telephone (516) 873-6406
### Facsimile (516) 470-0972
### ssue@rosicki.com

April 10, 2006

**VIA FACSIMILE (718-287-6801)**

Raphael Berger
Attorney at Law
111 Clarkson Avenue
Brooklyn, New York 11226

> Re:   Federal National Mortgage Association to Althea Thorne
>        Premises:  171 East 59[th] Street, Brooklyn, New York

Dear Mr. Berger:

As you are aware, this office represents the Seller in connection with the above referenced matter.  You represent the Purchaser in connection with same.  Please be advised that if your client forwards the payoff on or before April 13, 2006, the payoff amount is $333,342.70.

Please have the following checks cut:

1. **A CERTIFIED OR BANK CHECK** in the amount of **$328,382.65** made payable to Federal National Mortgage Association.

2. **A CERTIFIED OR BANK CHECK** in the amount of **$5,480.32** made payable to Rosicki, Roasicki & Associates, P.C

Should you have any questions, please feel free to contact me at ext. 46.

Very truly yours,

ROSICKI, ROSICKI & ASSOCIATES, P.C.

BY:   _____
        Stephanie I. Elmore-Sue, Esq.

05/01/2006  12:40 FAX                                                              001/001

### ROSICKI, ROSICKI & ASSOCIATES, P.C.
#### ATTORNEYS AT LAW
One Old Country Road, Suite 200
Carle Place, New York 11514
Telephone (516) 873-6406
Facsimile (516) 479-8972
ssue@rosicki.com

May 1, 2006

**VIA FACSIMILE** (718-287-6801)

Raphael Berger
Attorney at Law
111 Clarkson Avenue
Brooklyn, New York 11226

> Re:   Federal National Mortgage Association to Althea Thorne
>       Premises:  171 East 19th Street, Brooklyn, New York

Dear Mr. Berger:

As you are aware, this office represents the Seller in connection with the above referenced matter.  You represent the Purchaser in connection with same.  Please be advised that if your client forwards the payoff on or before May 5, 2006, the payoff amount is $333,342.70.

Please have the following checks cut:

1. **A CERTIFIED OR BANK CHECK** in the amount of $303,572.15 made payable to Federal National Mortgage Association.

2. **A CERTIFIED OR BANK CHECK** in the amount of $5,921.84 made payable to Rosicki, Rosicki & Associates, P.C.

Should you have any questions, please feel free to contact me at ext. 46.

Very truly yours,

ROSICKI, ROSICKI & ASSOCIATES, P.C.

BY: _____
    Stephanie I. Elmore-Sue. Esq.  46

WARNING: Original document has an artificial watermark on reverse side and micro printing on signature line.

Branch: 899
**North Fork** Bank

81689022

BANK MONEY ORDER

DATE 05/03/06

$ 151,786.08

PAY ******151,786                    Dollars and 08 Cents
FNMA

Pay Amount Above Or is
VOID IF ALTERED

NOT GOOD FOR AMOUNTS
OVER ONE THOUSAND DOLLARS

AUTHORIZED SIGNATURE

899/5995

⑆81689022⑆ ⑆021407912⑆ 4224⑈00573 8⑈

---



**citibank**
Citibank, N.A., New York, NY

250229069

10-34
220

FCH 00060 FA# 037         $0.00 ONL         DATE 0 5 / 0 3 / 0 6
117-04  Ck. Ser.#    250229069    * * * * * 2 9 , 7 8 6 . 0 8 * * *

AY   ****TWENTY-NINE THOUSAND SEVEN HUNDRED EIGHTY-SIX
     AND 08/100 DOLLARS****

     ****FEDERAL NATIONAL MORTGAGE ASSOC.****

DEED 171 ES9
NAME OF REMITTER   JAMES D. ORLANDO
ADDRESS

Drawer: Citibank, N.A.

Issued by Integrated Payment Systems Inc., Englewood, Colorado
Citibank, N.A., Buffalo, NY

BY
AUTHORIZED SIGNATURE

⑆790542⑆ ⑆022000868⑆ 2800250229069 1⑈

---

045242290201 254309 REV1 0505 6610001544

**Independence**
Independence Community Bank
a Bank & Trust

332674257

25-97/1020

Pay To The      FEDERAL NATIONAL MORTGAGE ASSOC.
Order Of

Date    05/02/2006

$122,000.00

***One Hundred Twenty-Two Thousand Dollars***

J. orlando
Memo Deed 171 E.59 ST

Two Signatures Required for
Amounts $10,000 and More

Drawer: Independence Community Bank
Issued by Integrated Payment Systems Inc., Englewood, Colorado
JPMorgan Chase Bank, N.A., Denver, Colorado

⑆254399⑆ ⑆102000979⑆ 2500332674257 9⑈



HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

# citibank

Citibank, N.A., New York, NY

250229070

FC# 00060 FAH 037
117-05  Ck. Ser.#          250229070          $0.00 ONL          DATE 0 5 / 0 3 / 0 6
* * * * * * 2 , 9 6 0 . 9 2 * * *

PAY   ****TWO THOUSAND NINE HUNDRED SIXTY AND 92/100 DOLLARS****

TO
THE          ****ROSICKI & ROSICKI ASSOC.****
ORDER
OF      Deed
        171 EAST 59
NAME OF REMITTER     JAMES D. ORLANDO
ADDRESS

Issued by Integrated Payment Systems Inc., Englewood, Colorado
To Citibank, N.A., Buffalo NY

                                        Drawer: Citibank, N.A.

                    BY
                    AUTHORIZED SIGNATURE                            AP

⑈79054 2⑈  ⑆022000868⑈  28002502290700⑈

---

WARNING: Original document has an artificial watermark on reverse side and micro printing on signature line.

## North Fork Bank

Branch: 899

81689023

DATE 05/03/06                          EXACTLY $ 2,960.92

Pay Amount Shown Only
VOID IF ALTERED

PAY Two Thousand Nine Hundred Sixty Dollars and 92/100

ROSICKI & ROSICKI

NOT GOOD FOR AMOUNTS
OVER ONE THOUSAND DOLLARS

899/5995

⑈81689023⑈  ⑆021407912⑈⑈4224⑈00573 8⑈

TP-584 (10/03)

New York State Department of Taxation and Finance

# Combined Real Estate
## Transfer Tax Return,
## Credit Line Mortgage Certificate, and
## Certification of Exemption from the
## Payment of Estimated Personal Income Tax

Recording office time stamp

See instructions (TP-584-I) before completing this form. Please print or type.

## Schedule A — Information relating to conveyance

| Grantor/Transferor | Name (if individual; last, first, middle initial) FEDERAL NATIONAL MORTGAGE ASSOCIATION | | Social security number |
|---|---|---|---|
| ☐ Individual | | | |
| ☐ Corporation | Mailing address   1900 MARKET STREET, SUITE 100 | | Social security number |
| ☐ Partnership | | | |
| ☐ Estate/Trust | City   PHILADELPHIA | State   PA   ZIP code   10103 | Federal employer ident. number   52   0883107 |
| ☑ Other | | | |

| Grantee/Transferee | Name (if individual; last, first, middle initial) KINGSTON GLORIA | | Social security number   074   74   4217 |
|---|---|---|---|
| ☑ Individual | | | |
| ☐ Corporation | Mailing address   171 EAST 59TH STREET | | Social security number |
| ☐ Partnership | | | |
| ☐ Estate/Trust | City   BROOKLYN | State   NY   ZIP code   11203 | Federal employer ident. number |
| ☐ Other | | | |

Location and description of property conveyed

| Tax map designation | | | Address | City/village | Town | County |
|---|---|---|---|---|---|---|
| Section | Block | Lot | 171 EAST 59TH STREET | NEW YORK | | BROOKLYN / KINGS |
| 3 | 4731 | 25 | | | | |

Type of property conveyed (check applicable box)

| | | | | |
|---|---|---|---|---|
| 1 ☑ One- to three-family house | 5 ☐ Commercial/industrial | Date of conveyance | | Percentage of real property conveyed which is residential real property _____ 100 % (see instructions) |
| 2 ☐ Residential cooperative | 6 ☐ Apartment building | 5 | 3 | 2006 |
| 3 ☐ Residential condominium | 7 ☐ Office building | month | day | year |
| 4 ☐ Vacant land | 8 ☐ Other _____ | | | |

Condition of conveyance (check all that apply)

a. ☑ Conveyance of fee interest

b. ☐ Acquisition of a controlling interest (state percentage acquired _____%)

c. ☐ Transfer of a controlling interest (state percentage transferred _____%)

d. ☐ Conveyance to cooperative housing corporation

e. ☐ Conveyance pursuant to or in lieu of foreclosure or enforcement of security interest (attach Form TP-584.1, Schedule E)

f. ☐ Conveyance which consists of a mere change of identity or form of ownership or organization (attach Form TP-584.1, Schedule F)

g. ☐ Conveyance for which credit for tax previously paid will be claimed (attach Form TP-584.1, Schedule G)

h. ☐ Conveyance of cooperative apartment(s)

i. ☐ Syndication

j. ☐ Conveyance of air rights or development rights

k. ☐ Contract assignment

l. ☐ Option assignment or surrender

m. ☐ Leasehold assignment or surrender

n. ☐ Leasehold grant

o. ☐ Conveyance of an easement

p. ☐ Conveyance for which exemption from transfer tax claimed (complete Schedule B, Part III)

q. ☐ Conveyance of property partly within and partly outside the state

r. ☑ Other (describe) QUIT CLAIM DEED

| For recording officer's use | Amount received | Date received | Transaction number |
|---|---|---|---|
| | Schedule B., Part I   $ | | |
| | Schedule B., Part II   $ | | |

200605030062430101

Page 2 of 4   TP-584 (10/03)

## Schedule B — Real estate transfer tax return (Tax Law, Article 31)

**Part I – Computation of tax due**

| | |
|---|---|
| 1 Enter amount of consideration for the conveyance (if you are claiming a total exemption from tax, check the Exemption claimed box, enter consideration and proceed to Part III) ..................................................... | 1. 309,493 99 |
| 2 Continuing lien deduction (see instructions if property is taken subject to mortgage or lien) ........................... | 2. 0 00 |
| 3 Taxable consideration (subtract line 2 from line 1) ...................................................................................... | 3. 309,493 99 |
| 4 Tax: $2 for each $500, or fractional part thereof, of consideration on line 3 .............................................. | 4. 1,238 00 |
| 5 Amount of credit claimed (see instructions and attach Form TP-584.1, Schedule G) ................................... | 5. 0 00 |
| 6 Total tax due* (subtract line 5 from line 4) ................................................................................................. | 6. 1,238 00 |

**Part II – Computation of additional tax due on the conveyance of residential real property for $1 million or more**

| | |
|---|---|
| 1 Enter amount of consideration for conveyance (from Part I, line 1) ........................................................... | 1. 309,493 99 |
| 2 Taxable consideration (multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A) .... | 2. 309,493 99 |
| 3 Total additional transfer tax due* (multiply line 2 by 1% (.01)) ................................................................. | 3. 0 00 |

**Part III – Explanation of exemption claimed on Part I, line 1 (check any boxes that apply)**

The conveyance of real property is exempt from the real estate transfer tax for the following reason:

a. Conveyance is to the United Nations, the United States of America, the state of New York, or any of their instrumentalities, agencies, or political subdivisions (or any public corporation, including a public corporation created pursuant to agreement or compact with another state or Canada) ....................................................................................................................................... a ☐

b. Conveyance is to secure a debt or other obligation ........................................................................................................ b ☐

c. Conveyance is without additional consideration to confirm, correct, modify, or supplement a prior conveyance ............................ c ☐

d. Conveyance of real property is without consideration and not in connection with a sale, including conveyances conveying realty as bona fide gifts ........................................................................................................................................................ d ☐

e. Conveyance is given in connection with a tax sale ............................................................................................................... e ☐

f. Conveyance is a mere change of identity or form of ownership or organization where there is no change in beneficial ownership. (This exemption cannot be claimed for a conveyance to a cooperative housing corporation of real property comprising the cooperative dwelling or dwellings.) Attach Form TP-584.1, Schedule F ................................................................. f ☐

g. Conveyance consists of deed of partition .......................................................................................................................... g ☐

h. Conveyance is given pursuant to the federal Bankruptcy Act ............................................................................................... h ☐

i. Conveyance consists of the execution of a contract to sell real property, without the use or occupancy of such property, or the granting of an option to purchase real property, without the use or occupancy of such property ........................................ i ☐

j. Conveyance of an option or contract to purchase real property with the use or occupancy of such property where the consideration is less than $200,000 and such property was used solely by the grantor as the grantor's personal residence and consists of a one-, two-, or three-family house, an individual residential condominium unit, or the sale of stock in a cooperative housing corporation in connection with the grant or transfer of a proprietary leasehold covering an individual residential cooperative apartment. .............................................................................................................................................................. j ☐

k. Conveyance is not a conveyance within the meaning of Tax Law, Article 31, section 1401(e) (attach documents supporting such claim) ............................................................................................................................................................. k ☐

l. Other (attach explanation) ....................................

*Please make check(s) payable to the county clerk where the recording is to take place. If the recording is to take place in New York City, make check(s) payable to the *NYC Department of Finance*. If a recording is not required, send this return and your check(s) made payable to the *NYS Department of Taxation and Finance*, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045 Albany NY 12205-5045

200605030062430101

## Schedule C — Credit Line Mortgage Certificate (Tax Law, Article 11)

**Complete the following only if the interest being transferred is a fee simple interest.**
I (we) certify that: *(check the appropriate box)*

1. [✓] The real property being sold or transferred is not subject to an outstanding credit line mortgage.

2. [ ] The real property being sold or transferred is subject to an outstanding credit line mortgage. However, an exemption from the tax is claimed for the following reason:

   [ ] The transfer of real property is a transfer of a fee simple interest to a person or persons who held a fee simple interest in the real property (whether as a joint tenant, a tenant in common or otherwise) immediately before the transfer.

   [ ] The transfer of real property is (A) to a person or persons related by blood, marriage or adoption to the original obligor or to one or more of the original obligors or (B) to a person or entity where 50% or more of the beneficial interest in such real property after the transfer is held by the transferor or such related person or persons (as in the case of a transfer to a trustee for the benefit of a minor or the transfer to a trust for the benefit of the transferor).

   [ ] The transfer of real property is a transfer to a trustee in bankruptcy, a receiver, assignee, or other officer of a court.

   [ ] The maximum principal amount secured by the credit line mortgage is $3,000,000 or more, and the real property being sold or transferred is not principally improved nor will it be improved by a one- to six-family owner-occupied residence or dwelling.

   **Please note:** for purposes of determining whether the maximum principal amount secured is $3,000,000 or more as described above, the amounts secured by two or more credit line mortgages may be aggregated under certain circumstances. See TSB-M-96(6)-R for more information regarding these aggregation requirements.

   [ ] Other *(attach detailed explanation).*

3. [ ] The real property being transferred is presently subject to an outstanding credit line mortgage. However, no tax is due for the following reason:

   [ ] A certificate of discharge of the credit line mortgage is being offered at the time of recording the deed.

   [ ] A check has been drawn payable for transmission to the credit line mortgagee or his agent for the balance due, and a satisfaction of such mortgage will be recorded as soon as it is available.

4. [ ] The real property being transferred is subject to an outstanding credit line mortgage recorded in _____ (insert liber and page or reel or other identification of the mortgage). The maximum principal amount of debt or obligation secured by the mortgage is _____. No exemption from tax is claimed and the tax of _____ is being paid herewith. *(Make check payable to county clerk where deed will be recorded or, if the recording is to take place in New York City, make check payable to the NYC Department of Finance.)*

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete.

_____ ____ _____ ____
Grantor signature  Title  Grantee signature  Title

_____ ____ _____ ____
Grantor signature  Title  Grantee signature  Title

**Reminder:** Did you complete all of the required information in Schedules A, B, and C? Are you required to complete Schedule D? If you checked e, f, or g in Schedule A, did you complete Form TP-584.1? Have you attached your check(s) made payable to the county clerk where recording will take place or, if the recording is in New York City, to the *NYC Department of Finance*? If no recording is required, send your check(s), made payable to the *Department of Taxation and Finance*, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-5045

200605030062431

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment is to the best of his/her knowledge, true and complete.

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

20060503006243

## Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this property.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

## Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property, the transferor(s)/seller(s) (grantor) of this property was a nonresident of New York State, but is not required to pay estimated tax under Tax Law, section 663 due to one of the following exemptions:

☐ The property being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) _____ to _____ (see instructions)
          Date          Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

2006050300624301

Affidavit of Compliance with Smoke Detector Requirement for One and Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York )
                    ) SS.:
County of )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

### 171 EAST 59TH STREET
Street Address

BROOKLYN        New York,     473 1       25     (the "Premises");
Borough                                Block       Lot    Unit/Apt.

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Federal National Mortgage Association
Name of Grantor (Type or Print)

_____
Signature of Grantor

Gloria Kingston
Name of Grantee (Type or Print)

_____
Signature of Grantee

Sworn to before me
this ___ date of ___ May ___ 2006

Sworn to before me
this ___ date of ___ May ___ 20___

MARY McLOUGHLIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MC6100287
Qualified in Queens County
Commission Expires 10/14/07

MARY McLOUGHLIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MC6100287
Qualified in Queens County
Commission Expires 10/14/07

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.

( 1 )

2006050300624101



**N Y C**
**RPT**

**NEW YORK CITY DEPARTMENT OF FINANCE**
**REAL PROPERTY TRANSFER TAX RETURN**
(Pursuant to Title 11, Chapter 21, NYC Administrative Code)

**FINANCE**
**NEW·YORK**
THE CITY OF NEW YORK
DEPARTMENT OF FINANCE

## GRANTOR ▼

**Name** FEDERAL NATIONAL MORTGAGE ASSOCIATION

Grantor is (an): ☐ individual   ☐ partnership (must complete Schedule 3)   **Telephone Number**
(check one)   ☐ corporation   ☑ other ____

Permanent mailing address after transfer (number and street) 1900 MARKET STREET, SUITE 100

City and State PHILADELPHIA, PA    **Zip Code** 19103

EMPLOYER IDENTIFICATION NUMBER   5 2 - 0 8 8 3 1 0 7   OR   SOCIAL SECURITY NUMBER ___ - ___ - ___

## GRANTEE ▼

**Name** GLORIA KINGSTON

Grantee is (an): ☑ individual   ☐ partnership (must complete Schedule 3)   **Telephone Number**
(check one)   ☐ corporation   ☐ other ____

Permanent mailing address after transfer (number and street) 171 EAST 39TH STREET

City and State BROOKLYN, NY    **Zip Code** 11203?

EMPLOYER IDENTIFICATION NUMBER ___ - ___   OR   SOCIAL SECURITY NUMBER   0 7 4 - 7 4 - 4 2 1 7

### DO NOT WRITE IN THIS SPACE FOR OFFICE USE ONLY

RETURN NUMBER ▲

DEED SERIAL NUMBER ▲

NYC REAL ESTATE TRANSFER TAX PAID ▲

## PROPERTY LOCATION ▼

LIST EACH LOT SEPARATELY. ATTACH A RIDER IF ADDITIONAL SPACE IS REQUIRED

| Address (number and street) | Apt. No. | Borough | Block | Lot | # of Floors | Square Feet | Assessed Value of Property |
|---|---|---|---|---|---|---|---|
| 171 EAST 39TH STREET | | BROOKLYN | 4731 | 25 | 2 | 2,330 | 18,162.00 |

DATE OF TRANSFER TO GRANTEE: 5/3/2006    PERCENTAGE OF INTEREST TRANSFERRED: 100 %

## CONDITION OF TRANSFER ▼ See Instructions

Check (✓) all of the conditions that apply and fill out the appropriate schedules on pages 6-11 of this return. Additionally, Schedules 1 and 2 must be completed for all transfers.

a. ☑ ... Arms length transfer
b. ☐ ... Transfer in exercise of option to purchase
c. ☐ ... Transfer from cooperative sponsor to cooperative corporation
d. ☐ ... Transfer by referee or receiver (complete Schedule A, page 5)
e. ☐ ... Transfer pursuant to marital settlement agreement or divorce decree
f. ☐ ... Deed in lieu of foreclosure (complete Schedule C, page 6)
g. ☐ ... Transfer pursuant to liquidation of an entity (complete Schedule D, page 8)
h. ☐ ... Transfer from principal to agent, dummy, strawman or conduit or vice-versa (complete Schedule E, page 9)
i. ☐ ... Transfer pursuant to trust agreement or will (attach a copy of trust agreement or will)
j. ☐ ... Gift transfer not subject to indebtedness
k. ☐ ... Gift transfer subject to indebtedness
l. ☐ ... Transfer to a business entity in exchange for an interest in the business entity (complete Schedule F, page 9)

m. ☐ ... Transfer to a governmental body
n. ☐ ... Correction deed
o. ☐ ... Transfer by or to a tax exempt organization (complete Schedule N, page 8)
p. ☐ ... Transfer of property partly within and partly without NYC
q. ☐ ... Transfer of successful bid pursuant to foreclosure
r. ☐ ... Transfer by borrower solely as security for a debt or a transfer by lender solely to return such security
s. ☐ ... Transfer wholly or partly exempt as a mere change of identity or form of ownership. Complete Schedule M, page 9)
t. ☐ ... Transfer to a REIT or to a corporation or partnership controlled by a REIT. (Complete Schedule R, pages 10 and 11)
u. ☐ ... Other transfer in connection with financing (describe): ____
v. ☑ ... Other (describe)   QUIT CLAIM DEED

(2)

200605030062410101

Form NYC-RPT                                                                 Page 2

<table>
<tr><td colspan="2">● TYPE OF PROPERTY (✓)</td><td colspan="2">● TYPE OF INTEREST (✓)</td></tr>
</table>

**● TYPE OF PROPERTY (✓)**

- a. ☑ .... 1-3 family house
- b. ☐ .... Individual residential condominium unit
- c. ☐ .... Individual cooperative apartment
- d. ☐ .... Commercial condominium unit
- e. ☐ .... Commercial cooperative
- f. ☐ .... Apartment building
- g. ☐ .... Office building
- h. ☐ .... Industrial building
- i. ☐ .... Utility
- j. ☐ .... OTHER. (describe):

**● TYPE OF INTEREST (✓)**

Check box at LEFT if you intend to record a document related to this transfer. Check box at RIGHT if you do not intend to record a document related to this transfer.

| | REC. | | NON REC. |
|---|---|---|---|
| a. | ☑ | ...... Fee | ☐ |
| b. | ☐ | ...... Leasehold Grant | ☐ |
| c. | ☐ | ...... Leasehold Assignment or Surrender | ☐ |
| d. | ☐ | ...... Easement | ☐ |
| e. | ☐ | ...... Development Rights | ☐ |
| f. | ☐ | ...... Stock | ☐ |
| g. | ☐ | ...... Partnership Interest | ☐ |
| h. | ☐ | ...... OTHER. (describe): | ☐ |

## SCHEDULE 1 - DETAILS OF CONSIDERATION ▼

COMPLETE THIS SCHEDULE FOR ALL TRANSFERS AFTER COMPLETING THE APPROPRIATE SCHEDULES ON PAGES 5 THROUGH 11. ENTER "ZERO" ON LINE 11 IF THE TRANSFER REPORTED WAS WITHOUT CONSIDERATION.

| | | | |
|---|---|---|---|
| 1. | Cash | ● 1. | 309,493 99 |
| 2. | Purchase money mortgage | ● 2. | 0 00 |
| 3. | Unpaid principal of pre-existing mortgage(s) | ● 3. | 0 00 |
| 4. | Accrued interest on pre-existing mortgage(s) | ● 4. | 0 00 |
| 5. | Accrued real estate taxes | ● 5. | 0 00 |
| 6. | Amounts of other liens on property | ● 6. | 0 00 |
| 7. | Value of shares of stock or of partnership interest received | ● 7. | 0 00 |
| 8. | Value of real or personal property received in exchange | ● 8. | 0 00 |
| 9. | Amount of Real Property Transfer Tax and/or other taxes or expenses of the grantor which are paid by the grantee | ● 9. | 0 00 |
| 10. | Other (describe): | ● 10. | 0 00 |
| 11. | TOTAL CONSIDERATION (add lines 1 through 10 - must equal amount entered on line 1 of Schedule 2) (see instructions) | ● 11. | 309,493 99 |

See instructions for special rules relating to transfers of cooperative units, liquidations, marital settlements and transfers of property to a business entity in return for an interest in the entity.

## SCHEDULE 2 - COMPUTATION OF TAX ▼

Amount of Payment | Pay amount shown on line 12 - See instructions | Payment enclosed

| | | | |
|---|---|---|---|
| 1. | Total Consideration (from line 11, above) | ● 1. | 309,493 99 |
| 2. | Excludable liens (see instructions) | ● 2. | 0 00 |
| 3. | Consideration (Line 1 less line 2) | ● 3. | 309,493 99 |
| 4. | Tax Rate (see instructions) | ● 4. | 1 % |
| 5. | Percentage change in beneficial ownership (see instructions) | ● 5. | 100 % |
| 6. | Taxable consideration (multiply line 3 by line 5) | ● 6. | 309,493 99 |
| 7. | Tax (multiply line 6 by line 4) | ● 7. | 3,094 94 |
| 8. | Credit (see instructions) | ● 8. | 0 00 |
| 9. | Tax due (line 7 less line 8) (if the result is negative, enter zero) | ● 9. | 3,094 94 |
| 10. | Interest (see instructions) | ● 10. | 0 00 |
| 11. | Penalty (see instructions) | ● 11. | 0 00 |
| 12. | Total Tax Due (add lines 9, 10 and 11) | ● 12. | 3,094 94 |

③

200605030062410101



Form NYC-RPT

## GRANTOR'S ATTORNEY ▼

| Name of Attorney | ROSICKI, ROSICKI & ASSOCIATES, P.C. | | | Telephone Number | 516 | 873-6406 |
|---|---|---|---|---|---|---|
| Address (number and street) | ONE OLD COUNTRY ROAD SUITE 200 | City and State | CARLE PLACE, NY | Zip Code | | 11514 |
| EMPLOYER IDENTIFICATION NUMBER | | OR | SOCIAL SECURITY NUMBER | | | |

## GRANTEE'S ATTORNEY ▼

| Name of Attorney | RAPHAEL BERGER | | | Telephone Number | 718 | 856-5100 |
|---|---|---|---|---|---|---|
| Address (number and street) | 111 CLARKSON AVENUE | City and State | BROOKLYN, NY | Zip Code | | 11226 |
| EMPLOYER IDENTIFICATION NUMBER | | OR | SOCIAL SECURITY NUMBER | | | |

## CERTIFICATION ▼

I swear or affirm that this return, including any accompanying schedules, affidavits and attachments, has been examined by me and is, to the best of my knowledge, a true and complete return made in good faith, pursuant to Title 11, Chapter 21 of the Administrative Code and the regulations issued thereunder.

**GRANTOR**

Sworn to and subscribed to

before me on this 3rd day

of May 2006

*Signature of Notary*

Name of Grantor

*Signature of Grantor*

MARY McLOUGHLIN
NOTARY PUBLIC STATE OF NEW YORK
Registration No. 02MC6100287
Qualified in Queens County
Commission Expires 10/14/ 07

**GRANTEE**

Sworn to and subscribed to

before me on this 3rd day

of May 2006

*Signature of Notary*

Name of Grantee

*Signature of Grantee*

MARY McLOUGHLIN
NOTARY PUBLIC STATE OF NEW YORK
Registration No. 02MC6100287
Qualified in Queens County
Commission Expires 10/14/ 0

GRANTEE: To ensure that your property and water/sewer tax bills are sent to the proper address you must complete the Registration forms included in this packet. Owner's Registration Cards can also be obtained by calling the Department of Finance at (718) 935-9500.

(5)

2006050300624101

Form NYC-RPT

**WORKSHEET FOR CONDITIONS 1 ( )      1 ( )**

1. Add lines 1, 2, 7, 8, 9 and 10 from Form NYC-RPT, Schedule 1 and enter total here ................................................. 1. $ 309,493.99

2 a. Enter total number of REIT shares received .................................................................................................. a  0

   b. Enter maximum number of REIT shares into which ownership interests may be converted ............... b  0

   c. Add lines a and b .......................................................................................................................................... c  0

   d. Enter offering price per share of REIT shares on the date of the transaction reported ..................... d  0.00

   e. Multiply line 2c by line 2d

   f. Enter value of ownership interests received not convertible into REIT shares ..................... f  0.00

   g. Add lines e and f .......................................................................................................................... 2g.        0.00

3. Multiply line 1 by .40 for condition 1(a) or .50 for condition 1(b) ................................................................. 3.        0.00

- If line 3 is greater than line 2g, the transaction does not qualify as a REIT transfer.  DO NOT FILE THIS SCHEDULE. You must file Form NYC-RPT and compute your tax due on Schedule 2.

- If line 3 is less than or equal to line 2g, the transaction will qualify as a REIT Transfer, provided the other conditions are met.  You should complete Form NYC-RPT substituting on line 4 of Schedule 2:
  - .8% instead of 1%;
  - .7125% instead of 1.425%;
  - 1.3125% instead of 2.625%

| SEE INSTRUCTIONS TO DETERMINE WHICH TAX RATE APPLIES |

**Instructions for Completing Worksheet**

**LINE 1**

Where the value of the underlying property transferred or interest therein is used in determining the consideration for a REIT Transfer, you may, but are not required to, report as the value of the real property or interest therein (Form NYC-RPT, Schedule 1, line 7), the estimated market value as determined by the Department of Finance as reflected on the most recent Notice of Assessment issued by the Department.   (See Statements of Audit Procedure 93-2-GCT/RPTT, 3/1/93 and 95-1-GCT/RPTT, 7/28/95)  Add to the amount reported on line 1 the amount of any mortgages and other liens and encumbrances existed in contemplation of the formation of the REIT in the case of condition 1(a) or in contemplation of the transaction reported on this Schedule R in the case of condition 1(b).

**LINE 2**

If the grantor received REIT shares as consideration for the transfer, enter on line 2a the number of REIT shares received. If

the grantor received interests in a partnership or corporation controlled by the REIT that may be converted into REIT shares, enter on line 2b the maximum number of REIT shares into which such interests may be converted and attach an explanation of the terms of the conversion.  If the grantor received interests that may be converted into REIT shares but you believe that the offering price for the REIT shares into which such interests may be converted is not a proper measurement of the value of the interests received, do not complete line 2b.  Instead, attach an explanation of the terms of the conversion and enter on line 2f the fair market value of the interests received. If the grantor received interests in a partnership or corporation controlled by the REIT that cannot be converted into REIT shares at any time, enter on line 2f the fair market value of the interests received.  If you enter an amount on line 2f, attach an explanation of the method used for determining the value of the interests received.

**— CERTIFICATION —**

I swear or affirm under penalties of perjury that the grantor has no present intention to transfer or convey the REIT shares or interests in a partnership or corporation controlled by the REIT received by the grantor as consideration in the transaction reported on this Schedule R within two years of the date of the transfer, other than a distribution of such shares or interests to the partners or shareholders of the grantor, and that, to the best of my knowledge, condition 3 above regarding the use of the cash proceeds of the REIT offering will be satisfied, if applicable. I further swear or affirm that I will file an amended Form NYC-RPT and pay any additional tax due if any such transfer or conveyance occurs within such two-year period or if condition 3 above, if applicable, ceases to be met.

**GRANTOR**

Sworn to and subscribed to
before me on this _____ day
of _____

Name of Grantor

Signature of Notary | Signature of Grantor

**GRANTEE**

Sworn to and subscribed to
before me on this 3rd day
of May 2006

Name of Grantee

Signature of Notary | Signature of Grantee

MARY LOUGHLIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MC6100297
Qualified in Queens County
Commission Expires 10/14/ ____

17

NYC-RPT REV. 09/24/04

2006050300624101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of **BROOKLYN**
    Block: **4731**                                    Lot: **25**

(2) Account Number (if applicable):
    Meter Number (if available--include the letter):

(3) Street Address of Property Receiving Service:
    Street **171 EAST 59TH STREET**            City NY            State   NY    Zip **11203**

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
    (please provide information on owner ONLY; do NOT give information on property manager or tenant):

    Owner's Name        Business:
                        or Individual:   **KINGSTON**              **GLORIA**
                                         (Last Name)               (First Name)                        (MI)

    Street **171 EAST 59TH STREET**                   City **BROOKLYN**      State **NY**    Zip **11203**
    Home Phone(Numbers only):                         Business Phone(Numbers only):

## Customer Billing Information:

PLEASE NOTE:

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

B. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

C. Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
    Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street                       City                  State          Zip

(7) Relationship to Owner (check one).  Managing Agent ☐            Mortgagee ☐
                                        Tenant ☐    Other (please explain):

## Owner's Approval

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge

(8) Owner's EIN or SSN(Numbers only).                    E-mail:

(9) Name of Owner:

(10) Signature: _Gloria  Kingston_
    Name and Title of Person Signing for Owner, if applicable.
    Date(mm/dd/yyyy):          /          /

                                                    2006050300624101

**REAL PROPERTY TRANSFER REPORT**

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**

(Rev 11/2005)

| FOR CITY USE ONLY | |
|---|---|
| C1. County Code | C2. Date Deed Recorded — Month / Day / Year |
| C3. Book OR | C4. Page |
| C5. CRFN | |

**PROPERTY INFORMATION**

**1. Property Location**  171   EAST 59TH STREET   BROOKLYN   11203
STREET NUMBER   STREET NAME   BOROUGH   ZIP CODE

**2. Buyer Name**  KINGSTON   GLORIA
LAST NAME / COMPANY   FIRST NAME

LAST NAME / COMPANY   FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY   FIRST NAME

STREET NUMBER AND STREET NAME   CITY OR TOWN   STATE   ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels  OR  ☐ Part of a Parcel

**4A.** Planning Board Approval - N/A for NYC
**4B.** Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
**5.** Ownership Type is Condominium  ☐
**7.** New Construction on Vacant Land  ☐

**6. Deed Property Size**  100  X  20  OR  _____ ACRES
FRONT FEET   DEPTH

**8. Seller Name**  FEDERAL NATIONAL MORTGAGE ASSOCIATION
LAST NAME / COMPANY   FIRST NAME

LAST NAME / COMPANY   FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | ✓ One Family Residential | C | ☐ Residential Vacant Land | E | ☐ Commercial | G | ☐ Entertainment / Amusement | I | ☐ Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | ☐ 2 or 3 Family Residential | D | ☐ Non-Residential Vacant Land | F | ☐ Apartment | H | ☐ Community Service | J | ☐ Public Service |

**SALE INFORMATION**

**10. Sale Contract Date**  5 / 3 / 2006
Month / Day / Year

**11. Date of Sale / Transfer**  5 / 3 / 2006
Month / Day / Year

**12. Full Sale Price** $  3 0 , 9 4 9 3 1
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| A | ☐ Sale Between Relatives or Former Relatives |
|---|---|
| B | ☐ Sale Between Related Companies or Partners in Business |
| C | ☐ One of the Buyers is also a Seller |
| D | ☐ Buyer or Seller is Government Agency or Lending Institution |
| E | ✓ Deed Type not Warranty or Bargain and Sale (Specify Below) |
| F | ☐ Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | ☐ Significant Change in Property Between Taxable Status and Sale Dates |
| H | ☐ Sale of Business is Included in Sale Price |
| I | ☐ Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | ☐ None |

**ASSESSMENT INFORMATION  -  Data should reflect the latest Final Assessment Roll and Tax Bill**

**15. Building Class**  B 2

**16. Total Assessed Value**  (of all parcels in transfer)

**17. Borough, Block and Lot / Roll Identifier(s)**  ( If more than three, attach sheet with additional identifier(s) )

BROOKLYN 4731  23

**CERTIFICATION**  I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| BUYER | BUYER'S ATTORNEY |
|---|---|
| Gloria Kingston | |
| BUYER SIGNATURE   DATE | LAST NAME   FIRST NAME |
| STREET NUMBER   STREET NAME (AFTER SALE) | 718   856-5100 |
| | AREA CODE   TELEPHONE NUMBER |
| | SELLER |
| CITY OR TOWN   STATE   ZIP CODE | SELLER SIGNATURE   5/3/06 |

200605030062420

Page 4 of 4   TP-584 (10/03)

## Schedule D - Certification of exemption from the payment of estimated personal income tax (Tax Law, Article 22, section 663)

Complete the following only if a fee simple interest is being transferred by an individual or estate or trust.

### Part I - New York State residents

If you are a New York State resident transferor(s)/seller(s) listed in Schedule A of Form TP-584 (or an attachment to Form TP-584), you must sign the certification below. If one or more transferors/sellers of the property is a resident of New York State, each resident transferor/seller must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all resident transferors/sellers.

### Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this property.

| Signature | Print full name | Date |
|-----------|-----------------|------|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

Note: A resident of New York State may still be required to pay estimated tax under Tax Law, section 685(c), but not as a condition of recording a deed.

### Part II - Nonresidents of New York State

If you are a nonresident of New York State listed as a transferor/seller in Schedule A of Form TP-584 (or an attachment to Form TP-584) but are not required to pay estimated tax because one of the exemptions below applies under Tax Law, section 663(c), check the box of the appropriate exemption below. If any one of the exemptions below applies to the transferor(s)/seller(s), that transferor(s)/seller(s) is not required to pay estimated personal income tax to New York State under Tax Law, section 663. Each nonresident transferor/seller who qualifies under one of the exemptions below must sign in the space provided. If more space is needed, please photocopy this Schedule D and submit as many schedules as necessary to accommodate all nonresident transferors/sellers.

If none of these exemption statements apply, you must use Form IT-2663, Nonresident Real Property Estimated Income Tax Payment Form, and pay the full amount of estimated tax, if any, to the recording officer at the time the deed is presented for recording.

### Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property, the transferor(s)/seller(s) (grantor) of this property was a nonresident of New York State, but is not required to pay estimated tax under Tax Law, section 663 due to one of the following exemptions:

☐ The property being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ to _____ (see instructions).
Date        Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|-----------|-----------------|------|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

2006050300624301



**CERTIFICATION** | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER

*Gloria Kingston*

BUYER'S ATTORNEY

BUYER SIGNATURE | DATE | LAST NAME | FIRST NAME

718 | 856-5100

STREET NUMBER | STREET NAME (AFTER SALE) | AREA CODE | TELEPHONE NUMBER

SELLER

CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | DATE  5/3/06

2006050300624201

Index No. *14892* Year 2006 RJI No.
SUPREME COURT OF THE STATE OF THE NEW YORK     Hon.
COUNTY OF KINGS

GLORIA KINGSTON,

                       Plaintiff,

                -against-
FEDERAL NATIONAL MORTGAGE ASSOCIATION
and ROSICKI, ROSICKI & ASSOCIATES, P.C.,

## SUMMONS AND VERIFIED COMPLAINT

### RAPHAEL BERGER
ATTORNEY AT LAW
*Attorney for* Plaintiff

*Office and Post Office Address, Telephone*
111 Clarkson Avenue
BROOKLYN, NY 11226
TEL: 718-856-5100
FAX: 718-287-6801

To

Signature (Rule 130-1.1-a)

Attorney(s) for

Service of a copy of the within                      is hereby admitted.

Dated,

                        Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                  of which the within is a true copy will be presented for
settlement to the HON.                          one of the judges
of the within named court, at
t/h                at               M

Dated,

                         Yours, etc.
                        RAPHAEL BERGER
To                          ATTORNEY AT LAW
                        *Attorney for* Plaintiff

Attorney(s) for                      *Office and Post Office Address*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
INDEX NO. 14892/2006
-------------------------------------------X
GLORIA KINGSTON,

                              Plaintiff,                **NOTICE OF**

                -against-                               **PENDENCY**
FEDERAL NATIONAL MORTGAGE ASSOCIATION
and ROSICKI, ROSICKI & ASSOCIATES, P.C.,

                              Defendants.
------------------------------------------X

Notice is hereby given that an action has been commenced and is
now pending in this court, upon the complaint of the above-named
plaintiff, GLORIA KINGSTON, against the above-named defendants
FEDERAL NATIONAL MORTGAGE ASSOCIATION and ROSICKI, ROSICKI &
ASSOCIATES, P.C., for specific performance of a certain contract
of sale of real property, more particularly described as 171
East 59th Street, Brooklyn, New York 11203, in the County of
Kings, City and State of New York, Block 4731 Lot 25.

                         Signature (Rule 130-1.1-a)

                         _____
                         RAPHAEL BERGER

RAPHAEL BERGER, ESQ.
Attorney for Plaintiff
Brooklyn, N.Y.   11226
(718) 856-5100
Fx (718) 287-6801

To the Clerk of the County of Kings:
You are hereby directed to index the within notice to the names
of each of the following: plaintiff, GLORIA KINGSTON and
defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and ROSICKI,
ROSICKI & ASSOCIATES, P.C., or, if the clerk maintains a block index,
of the county of Kings, against BLOCK 4731 LOT 25.
Dated: Brooklyn, New York
      May 11, 2006.

**SCHEDULE A**

# Schedule A

Title Number: FF-2188109
Policy No. : (none)

---

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, known and designated as Lot #43 in Block 4731 on a certain plan or map of lots called Rugby E surveyed for Wood, Harmon & Co., 1901 by Fred L. Bartlett, C.E. and filed in the Register's Office of Kings County, 8/7/02 as Map No. 1399, bounded and described as follows:

BEGINNING at a point on the easterly side of East 59th Street, distant 220 feet southerly from the corner formed by the intersection of the easterly side of East 59th Street and the southerly side of Snyder Avenue;

RUNNING THENCE easterly parallel with Snyder Avenue and part of the distance through a party wall, 100 feet;

THENCE southerly parallel with East 59th Street, 20 feet;

THENCE westerly parallel with Snyder Avenue and part of the distance through a party wall, 100 feet to the easterly side of East 59th Street;

THENCE northerly along the easterly side of East 59th Street, 20 feet to the point or place of BEGINNING.

| District | Section | Block | Lot |
|---|---|---|---|
| | | 4731 | 25 |

This Schedule A has been made accessible via our website for review only purposes. The final Schedule will be included with your Title Commitment. Any changes made to the Schedule which have not been sanctioned by Titleserv, Inc. will not be included in the title policy and therefore will not be insured.

*Giddings*
*Fk- 02- 1369-F*

Issued by
TITLESERV, INC.
(516) 719-4200
(203) 831-0700

Schedule A includes Page 1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------X
GLORIA KINGSTON,

                        Plaintiff,

            -against-
FEDERAL NATIONAL MORTGAGE ASSOCIATION
and ROSICKI, ROSICKI & ASSOCIATES, P.C.,

                  Defendants.
-----------------------------------------------X

INDEX NO.

**NOTICE OF**

**PENDENCY**

Signature (Rule 130-1.1-a)

RAPHAEL BERGER, ESQ.
Attorney for Plaintiff(s)
Brooklyn, N.Y.   11226
(718) 856-5100
Fx (718) 287-6801

RAPHAEL BERGER

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICTOF NEW YORK

-------------------------------------------------------------------X

GLORIA KINGSTON,                                  : Civil Action No.

:

                Plaintiff,        :

:

                                  : JOINDER IN NOTICE

       -against-              : OF REMOVAL

:

:

ROSICKI, ROSICKI & ASSOCIATES, P.C.,  :
and FEDERAL NATIONAL MORTGAGE   :
ASSOCIATION a/k/a FANNIE MAE,      :

:

                  Defendants.  :

-------------------------------------------------------------------X

        Defendant Rosicki, Rosicki & Associates, P.C., submits this Joinder in

Federal National Mortgage Association's Notice of Removal, incorporated herein

by reference.   Rosicki, Rosicki & Associates, P.C. consents to and adopts all

grounds set forth in said Notice of Removal.

Dated:  Carle Place, New York
         June 14, 2006

                         ROSICKI, ROSICKI & ASSOCIATES, P.C.

            By:_____

               ANDREW MORGANSTERN, ESQ. (ACM 7432)
               One Old Country Road, Suite 200
               Carle Place, New York 11514
               (516) 741-2585